UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PMA INSURANCE GROUP § | | |
|     Plaintiff § | | |
| § | | |
| v. § | Civil Action No. _____ | |
| § | | |
| GREAT DANE, LLC § | | |
|     Defendant § | | |
| § | | |

## ORIGINAL COMPLAINT

Plaintiff, PMA Insurance Group, as subrogee of Goya Foods of Texas ("Plaintiff"), by and through undersigned counsel, hereby presents its Complaint against Defendant, Great Dane, LLC ("Defendant"), stating as follows:

## I.
## PARTIES

1. Plaintiff is a commercial entity organized and existing under the laws of Pennsylvania, with a principal address of 380 Sentry Park Way, Blue Bell, PA, 19422-0754. Under 28 U.S.C. § 1332(c)(1), Plaintiff is a citizen of the State of Pennsylvania because it is incorporated in Pennsylvania and has its principal place of business in Blue Bell, Pennsylvania.

2. Defendant Great Dane, LLC, is a Delaware Corporation authorized to do business in the State of Texas and may be served through its Texas Registered Agent, Universal Registered Agents, Inc., at 112 Maverick Ct., Granbury, TX 79409. Under 28 U.S.C. § 1332(c)(1), Defendant is a citizen of the State of Delaware where it is incorporated and of the State of Illinois where it has its corporate headquarters.

1

## II.
## JURISDICTION

3. This Court has subject matter jurisdiction under 28 U.S.C. §1332(a), because there is diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## III.
## VENUE

4. Pursuant to 28 U.S.C. §1391(b)(2), venue is proper in the Houston Division of the United States District Court for the Southern District of Texas, because the losses complained of for which recovery is sought occurred within this district.

## IV.
## STATEMENT OF FACTS

5. At all relevant times, Plaintiff was authorized to provide in Texas the insurance described herein.

6. At all relevant times, Plaintiff provided – via an in-force policy – commercial (inter alia) insurance to Goya Foods of Texas ("subrogor") in connection with its business operations that included a tractor and a Great Dane trailer ("subject trailer" – and hereinafter referred to collectively (i.e. the tractor *and* the trailer) as "subject vehicle").

7. Defendant manufactured, assembled, marketed, distributed, sold and/or otherwise placed into the stream of commerce the subject trailer.

8. On August 17, 2020, the subject trailer burst into flames while in operation at 16514 FM 359 Rd., Hempstead, TX 77445.

9. The fire quickly spread causing extensive damage to the subrogor's property, including the subject vehicle.

10. Plaintiff reimbursed subrogor for its losses arising from the fire which total $125,939.72 and is now subrogated to the subrogor's claims arising from paid claims associated therewith.

## V.
## COUNT I – NEGLIGENCE

11. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

12. The aforementioned damages were the direct and proximate result of the negligence and/or other liability-producing conduct of Defendant, including Defendant's negligent acts and/or omissions, as performed by and through its agents, employees, subcontractors, suppliers, and/or servants, more specifically described as follows:

(a) failing to exercise reasonable care in the performance of its duties as manufacturer, distributor, seller, and/or servicer of the subject vehicle, including, but not limited to, negligently performing the following:

(1) failing to properly and competently design the subject vehicle – including the bearings, axle and the components associated with the subject vehicle's breaking system – in a safe and appropriate manner;

(2) failing to properly and competently manufacture the subject vehicle – including the bearings, axle and the components associated with the subject vehicle's breaking system – in a safe and appropriate manner;

3

  (3) failing to ensure that proper techniques and materials were employed, and applicable safety procedures followed, as to the design and manufacture of the subject vehicle – including the bearings, axle and the components associated with the subject vehicle's breaking system;

  (4) failing to properly inspect and/or service the subject vehicle – including its bearings, axle and components associated with the subject vehicle's breaking system;

  (5) failing to provide safe and appropriate warnings and instructions as to the proper use and maintenance of the subject vehicle – including as to its bearings, axle and components associated with the subject vehicle's breaking system; and/or

  (6) failing to advise subrogor or others after the sale of the subject vehicle as to the dangerous and defective nature of the subject vehicle – including its bearings, axle and components associated with the subject vehicle's breaking system.

(b) failing to adequately instruct its servants, employees, and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

(c) failing to adequately warn subrogor and others of the defects resulting from the negligent failure to exercise reasonable care as set forth in subparagraph (a), above;

(d) failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

(e) failing to perform the tasks set forth in subparagraph (a) in conformity with the prevailing industry and governmental specifications and standards;

(f)     violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to their action; and/or

(g)     selecting and contracting with individuals and entities that were ill-trained and/or unprepared to properly perform the tasks set forth in subparagraph (a) above.

13. As a direct and proximate result of Defendant's aforementioned negligent actions and/or omissions, the subrogor – and ultimately Plaintiff – sustained and incurred the herein-described damages in an amount of $125,939.72 plus all pre and post judgment interest thereon as allowed by law.

## VI.
## COUNT II – STRICT LIABILITY

14. Plaintiff incorporates herein by reference the allegations alleged in all previous paragraphs of the Complaint with the same effect herein fully set forth.

15. At all relevant times, Defendant was engaged in the business of designing, manufacturing, testing, marketing, assembling, distributing, and/or selling trailers; and specifically designed, manufactured, tested, assembled, marketed and/or placed into the stream of commerce the subject vehicle.

16. The subject vehicle was not modified or materially altered in any way that would affect the unreasonably dangerous and defective conditions caused and created by Defendant.

17. Defendant knew and intended that its trailer, including the subject trailer, would be used for its intended purpose and by members of the general public, and knew of the specific uses, purposes and requirements for which said trailer would be used.

18. Defendant designed, manufactured, tested, marketed, inspected, sold and/or distributed into the stream of commerce the subject trailer in an unreasonably dangerous and defective condition, which catastrophically failed due to a defect in and/or malfunction in the subject trailer – including the bearings, axle, and the components associated with the subject vehicle's braking system.

19. As such, Defendant designed, manufactured, tested, marketed, inspected, sold and/or distributed into the stream of commerce the subject trailer in a defective condition, unreasonably dangerous to subrogor and its property.

20. Defendant knew, or should have known, that the subject trailer would, and did, reach subrogor without substantial change in the condition in which it was originally selected and sold.

21. The subrogor maintained and operated the subject vehicle in the normal, ordinary, and intended manner and purpose at all times.

22. The subject vehicle was unreasonably dangerous and defective at the time it left Defendant's control.

23. The aforesaid dangerous defects consisted of:
    a. Design defects;
    b. Manufacturing defects;
    c. Failure to warn of the aforementioned defects; and/or
    d. Failure to properly instruct as to the appropriate operational procedures for safe installation, use and maintenance of the subject vehicle.

24. The defective, unreasonably dangerous, and unsafe condition of the subject vehicle as described herein was the direct and proximate cause of the damages sustained by the subrogor, and ultimately Plaintiff.

25. As a direct and proximate result of one or more of the aforementioned defective and unreasonably dangerous conditions, the subject vehicle ignited and burned, causing the damages to subrogor and Plaintiff as described above.

26. For these reasons, Defendant is strictly liable to Plaintiff under Texas's applicable statutory and case law for damages in an amount of $125,939.72 plus all pre and post judgment interest thereon as allowed by law.

## VII.
## COUNT III – BREACH OF IMPLIED WARRANTIES

27. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

28. In furtherance of the aforementioned sale of the subject vehicle, Defendant impliedly warranted that it would be fit for a particular purpose, would be fit for a specific purpose, and would be of merchantable quality, pursuant to Texas's applicable statutory and case law.

29. Based upon the aforementioned defects, Defendant breached these warranties.

30. As a direct and proximate result of these breaches, subrogor and Plaintiff suffered the damages in an amount of $125,939.72 plus all pre and post judgment interest thereon as allowed by law.

31. Subrogor and Plaintiff have performed all conditions precedent to recover based upon such breaches.

## VIII.
## **PRAYER AND CONCLUSION**

32. Plaintiff respectfully requests judgment against Defendant in the amount of $125,939.72, plus interest, delay damages, and for all other relief as this Honorable Court shall deem appropriate under the circumstances.

Respectfully Submitted,

**THE HUDGINS LAW FIRM**
**A PROFESSIONAL CORPORATION**

By: _____
Erik C. Baumann
Texas State Bar Number 24091292
Southern District I.D. No. 3124416
24 Greenway Plaza, Suite 2000
Houston, Texas 77046
(713) 623-2550 Telephone
(713) 623-2793 Facsimile
ebaumann@hudgins-law.com

**ATTORNEY FOR PLAINTIFF**